■ In the Matter of the Claim of EDWARD REARDON, Respondent, v. JARCHO BROS. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Claimant, a steam fitter, was injured on September 26, 1955 when a ladder which he was using slipped and caused him to grab an adjacent wall containing a protruding nail which pierced his right hand at the juncture of the palm and little finger. He received immediate medical attention but lost no time from work. Some 11 months later claimant detected symptoms of disability in that member which were later diagnosed as Dupuytren's contracture. In 1961 he filed with the Workmen's Compensation Board a claim against appellant employer alleging that he had sustained an accidental injury on the date on which the puncture wound was suffered; shortly thereafter he filed a second claim against his most recent employer asserting that his disability was occupational in origin in support of which, at hearings thereafter conducted, he offered no proof. An award of compensation benefits for accidental injury was made by the Referee; the claim grounded on the theory of occupational disease was disallowed. Upon review the board affirmed both decisions. The employer and carrier charged with liability appeal contending that there is a lack of substantial evidence supportive of the claim for accidental injury and urging the converse thesis as to the claim for occupational disease. Although not the ordinary gravemen for awards arising from disability due to Dupuytren's contracture, the board from the conflicting medical proof chose to accept evidence which we regard as substantial that the single trauma was the causative agent which produced the disabling condition. Thus we may not disturb its finding. The contention that the claim for accidental injury is barred because of the untimeliness of its filing (Workmen's Compensation Law, § 28) was not raised before the board and may not be considered here. (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646, and cases cited at pp. 974, 975.) Decision affirmed, with costs to Workmen's Compensation Board. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.